**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID YAZZIE JONES, JR.,

        Plaintiff,

      vs.                                     No. CIV 99-102  LH/LFG-ACE

JULIAN HENRY, individually and in his
official capacity, THE NAVAJO
DEPARTMENT OF PUBLIC SAFETY,
THE NAVAJO NATION, UNITED
STATES DEPARTMENT OF INTERIOR,
and THE BUREAU OF INDIAN AFFAIRS,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court *sua sponte*. This case shall be **dismissed without prejudice.** Because Plaintiff filed his complaint prematurely, i.e. before exhausting his administrative remedies, the Court lacks subject matter jurisdiction and accordingly must dismiss the action. *See* FED. R. CIV. P. 12(h)(3).

Plaintiff has filed this lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2674, Federal Question Jurisdiction, 28 U.S.C. § 1331, and the Declaratory Judgments Act, 28 U.S.C. § 2201-2202. Plaintiff alleges the following as the basis for his lawsuit. Plaintiff Yazzie Jones went to visit his estranged wife Defendant Begaye-Jones[1] in

---

[1]Defendant Begaye-Jones was dismissed from the case on September 3, 1999.

February 1996.  Upon arriving at their home, Plaintiff was confronted by Defendant Henry, who is a police officer employed by the Navajo Department of Public Safety("NDPS").  Defendant Henry fired his handgun toward Plaintiff at close range, however, the bullets from Defendant Henry's gun did not strike Plaintiff.  Plaintiff then fled from the property.  Following Plaintiff's departure, Defendant Henry and Defendant Begaye-Jones filed allegedly false criminal complaints against Plaintiff.  Plaintiff's complaint seeks compensatory damages under the FTCA on the basis that the Navajo Nation and the NDPS, Defendant Henry's employer, receive funds from the United States through the Bureau of Indian Affairs ("BIA").  Such funding, Plaintiff claims, makes Defendant Henry a federal employee for purposes of the FTCA.

The chronology of events in this case relevant to this order is as follows.  As stated above, the actions forming the basis of the torts alleged in the complaint occurred in February 1996.  In January 1997, the criminal complaints against Plaintiff were dismissed.  On or about January 6, 1999, Plaintiff filed an administrative claim with the BIA, claiming damages resulting from the alleged aggravated assault and malicious prosecution.  Approximately two weeks later, on January 29, 1999, Plaintiff filed the complaint in this judicial action claiming the Court has jurisdiction under § 2674 of the Federal Tort Claims Act ("FTCA").

The FTCA, 28 U.S.C. § 2675(a), provides that an "action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim . . . ." *Id.*

There is no evidence before the Court that the BIA denied Plaintiff's claim during the two-week interim between his filing his claim with the BIA and his filing his complaint in this Court. Nor can BIA's failure to deny the claim by January 29, 1999 be deemed a final denial of the claim. Plaintiff filed his complaint in this Court prematurely, and as such, has not exhausted his administrative remedies. *See McNeil v. United States*, 508 U.S. 106 (1993)(overruling some circuits' holdings that permitted a prematurely filed FTCA action to proceed if no substantial progress had taken place in the litigation before the administrative remedies were exhausted). *See also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)(as a general rule, a premature complaint under the FTCA cannot be cured by amendment, but instead, plaintiff must file a new suit). *McNeil* affirmed the district court's granting the government's motion to dismiss on jurisdictional grounds. Therefore, the Court has no jurisdiction over the FTCA claims.

As noted above, Plaintiff also seeks declaratory and injunctive relief for alleged violations of civil rights under the Laws of the United States of America. Plaintiff alleges jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. §§ 2201-2202 (Declaratory Judgments). However, the complaint itself raises no issue regarding the application of any federal civil rights statute. To establish federal question jurisdiction under 28 U.S.C. § 1331, the "complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)(citation omitted). Furthermore, the "Declaratory Judgments Act is remedial and an independent basis for jurisdiction must be established." *Fry Bros. Corp. v. Dept. Housing and Urban Dev.*, 614 F.2d 732, 733 (10th Cir. 1980)(citation omitted). Plaintiff has not established an independent basis for subject matter jurisdiction. *See Basso v. Utah*

*Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)(the party invoking the jurisdiction of the

court has the duty to establish that federal jurisdiction does exist).

Given Plaintiff's failure to establish that subject matter jurisdiction exists, it is incumbent upon

this Court to dismiss this complaint.

**IT IS, THEREFORE, ORDERED** that this case is **dismissed without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**